1936.000

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS,
### EASTERN DIVISION

ASHLEY SUNTKEN,

                  Plaintiff,

          v.

RUDOLPH GARZA, SEAN
CAMPBELL, STEVEN SAUTKUS,
KEVIN QUAID, VICTOR RIVERA,
DANIEL LOPEZ, and CITY OF
CHICAGO,

                Defendants.

No.:

```
FILED: AUG 01, 2008
08CV4383
JUDGE ST.EVE
MAGISTRATE JUDGE BROWN
RCC
```

## COMPLAINT

NOW COMES the Plaintiff, Ashley Suntken, by and through her attorneys, **Ekl**Williams PLLC and the Law Offices of Richard J. Pullano & Associates, and complaining of the Defendants, Rudolph Garza, Sean Campbell, Steven Sautkus, Kevin Quaid, Victor Rivera, Daniel Lopez, and the City of Chicago, upon information and belief state as follows:

### NATURE OF THE CASE

1.    This is an action for damages to redress the individual and/or concerted conduct of the Defendants which constitute violations of the Plaintiff's rights guaranteed under the Fourth and Fourteenth amendments to the United States Constitution, and for violations of Illinois common law for the intentional torts of Malicious Prosecution and Intentional Infliction of Emotional Distress.

Specifically, the Plaintiff seeks the recovery of compensatory and exemplary damages for her false detention and arrest by the individual and/or concerted action (or inaction) of the Defendants that resulted in a malicious prosecution of the Plaintiff for a criminal violation of Illinois law, and her severe and permanent injuries sustained as a result of the individual and/or concerted action of the Defendants physical and verbal brutality of the Plaintiff while she was in police custody after her false detention and arrest when she was handcuffed and defenseless.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1343(a)(3), as the Federal Claims are brought under 42 U.S.C. §1983, and venue pursuant to 28 U.S.C. §1391(b), as the parties reside in this district and the events giving rise to the claims occurred in this district.  The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) as the claims arise out of the same nucleus of operative facts.

## THE PARTIES

3.     The Plaintiff, Ashley Suntken, was at all relevant times a resident of the City of Chicago, County of Cook, State of Illinois, and a citizen of the United States of America, and enjoyed all rights and liberties guaranteed by the Constitution of the United States of America and all Amendments thereto.

4.     The Defendant, Rudolph Garza, was at all relevant times employed by the Defendant, City of Chicago, as a Chicago Police Officer and upon information

and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.

5.     The Defendant, Sean Campbell, was at all relevant times employed by the Defendant, City of Chicago, as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.

6.     The Defendant, Victor Rivera, was at all relevant times employed by the Defendant, City of Chicago, as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.

7.     The Defendant, Daniel Lopez, was at all relevant times employed by the Defendant, City of Chicago, as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.

8.     The Defendant, Steven Sautkus, was at all relevant times employed by the Defendant, City of Chicago, as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted within

the scope of his employment and under color of law.

9.     The Defendant, Kevin Quaid, was at all relevant times employed by the Defendant, City of Chicago, as a Chicago Police Officer and upon information and belief resides within the boundaries of the United States District Court for the Northern District of Illinois, Eastern Division, and at all times hereto acted within the scope of his employment and under color of law.

<u>FACTS COMMON TO ALL COUNTS OF THE COMPLAINT</u>

10.     On August 4, 2007, a social gathering was occurring at a private residence located at 6353 S. Narragansett Street in the City of Chicago, State of Illinois.  In attendance at this party were the Plaintiff, Ashley Suntken and several of her friends, one of whom was the host of the party.  Also in attendance at this party were the Defendants, Rudolph Garza (hereinafter "Garza") and Sean Campbell (hereinafter "Campbell").  At one point, these Defendants were present at the residence during the party while still in Chicago Police Department regular patrolman uniforms, and later in plain clothes.

11.     At a point during the gathering, the Defendant, Garza, became unruly and combative, and he physically pushed Sara Renteria, a friend of the Plaintiff's. In response to being pushed by Garza, Renteria struck Garza on his face.  This caused Garza's nose to bleed very slightly, from which some of the blood got onto Garza's shirt.

12.     At this point, Garza appeared that he was going to retaliate against Renteria, and the Plaintiff stepped in between Garza and Renteria to protect

Renteria.  At this point, Garza falsely accused the Plaintiff of striking him.  The Plaintiff told Garza that she did not hit him, and that Renteria did it.  Later, Garza approached Renteria to retaliate against her for punching him earlier and he tried to punch her back, but she was able to avoid the brunt of the blow and Garza's fist only grazed Renteria's face.

13.     At a point later in the gathering, the Plaintiff called 9-1-1.  Some time thereafter, Steven Sautkus (hereinafter "Sautkus") and Kevin Quaid (hereinafter "Quaid"), arrived at the residence in response to the Plaintiff's 9-1-1 call.  Also around that time, the Defendants, Victor Rivera and Daniel Lopez, had arrived at the residence also in response to the Plaintiff's 9-1-1 call.  Without reasonable articulable suspicion, probable cause or other lawful reason to do so, the Plaintiff was placed into police custody.

14.     At or around this time, Garza and Campbell identified themselves to and/or were recognized by the Defendants, Sautkus, Quaid, Rivera and Lopez, as fellow Chicago Police Officers in the same District.  Garza directed the Defendants, Sautkus, Quaid, Rivera and/or Lopez, to arrest the Plaintiff and charge her with battery.  At the time that the Plaintiff was then subsequently placed into custody and/or under arrest by Sautkus, Quaid, Rivera and/or Lopez for this alleged violation of the Illinois Criminal Code, these Defendants were not in possession of any information establishing the existence of probable cause to detain and/or arrest the Plaintiff.

15.     After being arrested and handcuffed, the Defendants placed the Plaintiff into a squad car.  While in the squad car, the Defendants, Campbell, Sautkus, Quaid, Rivera and/or Lopez, through individual and/or concerted action, permitted the Defendant, Garza, access to the rear of the squad car where the Plaintiff was seated in handcuffs for the purpose of allowing Garza to physically brutalize the Plaintiff.

16.     With the Plaintiff in custody, seated in the rear of the squad car and handcuffed and defenseless, Garza entered the rear compartment of the squad car and severely and savagely beat the Plaintiff, causing severe injuries to her.

17.     Subsequent thereto, the Plaintiff was transported to the 8th District station for processing by the Defendants, Sautkus, Quaid, Rivera and/or Lopez.  En route, the Plaintiff lost consciousness due to her severe injuries inflicted upon her by Garza, and she was subsequently transported to a hospital for emergency treatment.

18.     At a point subsequent thereto, the Plaintiff was falsely charged with battery under Illinois law by the Defendants and held over for trial.  After a bench trial, the Plaintiff was found not guilty on April 28, 2008, for reasons indicative of the actual innocence of the Plaintiff.

## COUNT I
### 42 U.S.C. §1983
#### FOURTH AMENDMENT – UNLAWFUL DETENTION / FALSE ARREST – CONSPIRACY

19.     Plaintiff incorporates all prior allegations in ¶¶3 through 18 as if fully set forth in this paragraph.

20.    On August 4, 2008, the Plaintiff possessed the right guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of her person.

21.    On August 4, 2007, the Defendants accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to effect the unlawful detention and/or false arrest of the Plaintiff without lawful authority in the form of reasonable articulable suspicion, probable cause, a judicial warrant or writ, or other lawful authority to do so.

22.    In furtherance of said agreement, the Defendants unlawfully took custody of the Plaintiff and/or were present and failed to intervene despite the reasonable opportunity to do so, in that they placed her in handcuffs and into custody at a time when they possessed no lawful reason to do so.

23.    Defendants' individual acts and/or failures to intervene and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable seizure as provided in the Fourth Amendment to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00, and for her attorneys' fees and costs pursuant to 42 U.S.C. §1988.

COUNT II
42 U.S.C. §1983
FOURTH AMENDMENT – EXCESSIVE FORCE – CONSPIRACY

24.     Plaintiff incorporates all prior allegations in ¶¶3 through 23 as if fully set forth in this paragraph.

25.     On August 4, 2007, the Plaintiff possessed the right guaranteed under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of her person.

26.     On August 4, 2007, the Defendants, through individual and/or concerted action, accomplished an unlawful result through concerted action in that they agreed, through explicit or implicit means, to inflict bodily harm on the Plaintiff without any objectively reasonable circumstance in justification to do so.

27.     In furtherance of said agreement, the Defendant, Garza, physically beat the Plaintiff causing her severe injuries, and the Defendants, Campbell, Rivera, Lopez, Sautkus and/or Quaid, permitted the Defendant access to the Plaintiff in the back of the squad car and/or failed to intervene to protect the Plaintiff when there was an objectively reasonable opportunity to do so.

28.     On August 4, 2007, the conduct of the Defendants was not objectively reasonable within the meaning of the Fourth Amendment to the Constitution of the Untied States given the totality of the circumstances that the Plaintiff was already in custody, handcuffed and completely defenseless.

29.     Defendants' individual acts, failures to act and/or conspiracy as described above violated Plaintiff's right to be free from unreasonable seizure as

provided in the Fourth Amendment to the United States Constitution and has

caused Plaintiff to suffer, and will in the future continue to suffer, severe damages

including personal injuries, loss of reputation, mental anguish, emotional distress,

and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the

Defendants, jointly and severally, for compensatory and punitive damages in a sum

in excess of $1,000,000.00, and for her attorneys' fees and costs pursuant to 42

U.S.C. §1988.

COUNT III
42 U.S.C. §1983
FOURTH AMENDMENT – MALICIOUS PROSECUTION – CONSPIRACY

30.     Plaintiff incorporates all prior allegations in ¶¶3 through 29 as if fully

set forth in this paragraph.

31.     At all relevant times, the Plaintiff enjoyed and possessed a right under

the Fourth Amendment to the United States Constitution to be free from malicious

and false prosecution of criminal proceedings based on an absence of probable

cause.

32.     At all relevant times, the Defendants lacked probable cause to detain,

arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of

any jurisdiction.

33.     At all relevant times, the Defendants, as well as other as-yet unknown

co-conspirators, accomplished an unlawful result through individual and/or

concerted action, in that they agreed, through explicit or implicit means, to falsely

and maliciously charge the Plaintiff with a violation of the Illinois Criminal Code without probable cause to do so, which conduct resulted in the initiation of criminal proceedings against the Plaintiff.

34.     As set forth above, and in furtherance of said agreement, the Defendants made false statements, falsified police reports, filed false criminal charges initiating judicial proceedings, and/or withheld, concealed and/or destroyed exculpatory evidence and/or fabricated incriminating evidence.

35.     As set forth above, the criminal charge filed by the Defendants was filed with malice and disposed of in favor of the Plaintiff in a manner indicative of the actual innocence of the Plaintiff, and constitutes a violation of the Plaintiff's rights guaranteed under the Fourth Amendment to the Constitution of the United States.

36.     As the proximate result of the constitutional violation as set forth above, the Plaintiff has suffered, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00, and for her attorneys' fees and costs pursuant to 42 U.S.C. §1988.

COUNT IV
42 U.S.C. §1983
FOURTEENTH AMENDMENT – POLICE BRUTALITY – CONSPIRACY

37.     Plaintiff incorporates all prior allegations in ¶¶3 through 36 as if fully set forth in this paragraph.

38.     At all relevant times, the Plaintiff enjoyed and possessed a right under the Fourteenth Amendment to the Constitution of the United States to be free from arbitrary and indifferent intrusions of her bodily health and integrity, including the use of conscience shocking police brutality against her.

39.     As described above, the conduct of the Defendants was intentionally carried out with willful and deliberate indifference to the health and welfare of the Plaintiff, and constituted conscience shocking conduct in violation of the Fourteenth Amendment to the Constitution of the United States.

40.     As the proximate result of the above described violation of Plaintiff's rights guaranteed under the Fourteenth Amendment to the Constitution of the United States, the Plaintiff has suffered, and will in the future continue to suffer, severe damages including personal injuries, loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the Defendants, jointly sand severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00, and for her attorneys' fees and costs pursuant to 42 U.S.C. §1988.

COUNT V
42 U.S.C. §1983
FOURTEENTH AMENDMENT – DENIAL OF A FAIR TRIAL – CONSPIRACY

41.     Plaintiff incorporates herein ¶¶ 3 through 40, above, as though fully set forth in this paragraph.

42.     At all times relevant hereunder, the Plaintiff enjoyed the right to a fair trial as enumerated in the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, including the right to notice and disclosure of evidence that tends to negate the guilt of the Plaintiff.

43.     At all relevant times, the Defendants, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to make false statements, falsify police reports and/or withhold, conceal and/or destroy exculpatory evidence and/or fabricate incriminating evidence.

44.     In furtherance of said agreement, the Defendants made false statements, falsified police reports and/or withheld, concealed and/or destroyed exculpatory evidence and/or fabricated incriminating evidence.

45.     Defendants' individual acts and/or conspiracy as described above violated Plaintiff's right to a fair trial as guaranteed in the Fifth and Fourteenth Amendments to the United States Constitution and has caused Plaintiff to suffer, and will in the future continue to suffer, severe damages including loss of reputation, mental anguish, emotional distress, and legal expenses, as alleged herein.

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the Defendants, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00, and for her attorneys' fees and costs pursuant to 42 U.S.C. §1988.

COUNT VI
ILLINOIS STATE COMMON LAW
MALICIOUS PROSECUTION – CONSPIRACY

46.     Plaintiff incorporates herein ¶¶3 through 45, above, as though fully set forth in this paragraph.

47.     At all relevant times, the Defendants lacked probable cause to detain, arrest and/or charge the Plaintiff for a violation of any law, statute or ordinance of any jurisdiction.

48.     At all relevant times, the Defendants were acting within the scope of their employment with the Defendant, City of Chicago, and were its duly appointed agents.

49.     At all relevant times, the Defendants, as well as other as-yet unknown co-conspirators, accomplished an unlawful result through individual and/or concerted action, in that they agreed, through explicit or implicit means, to falsely and maliciously charge the Plaintiff with a violation of the Illinois Criminal Code without probable cause to do so.

50.     As set forth above, and in furtherance of said agreement, the Defendants falsified police reports, filed false criminal charges initiating judicial proceedings, withheld, concealed and/or destroyed exculpatory evidence, and lied

under oath.

51.     As set forth above, the criminal charges filed by the Defendants, L.
Romano and John Haleas, were filed with malice and disposed of in favor of the
Plaintiff in a manner indicative of the actual innocence of the Plaintiff.

52.     As the proximate result of the false and malicious prosecution as set
forth above, the Plaintiff has suffered and will continue in the future to suffer
injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the
Defendants and the City of Chicago, jointly and severally, for compensatory and
punitive damages in a sum in excess of $1,000,000.00.

(No Collateral Estoppel Effect of denial of Motion to Suppress – <u>Toro v. Gainer</u>, 370
F.Supp.2d 736 (N.D.Ill., 2005).

COUNT VII
ILLINOIS STATE COMMON LAW
BATTERY - CONSPIRACY

53.     Plaintiff incorporates herein ¶¶3 through 52, above, as though fully set
forth in this paragraph.

54.     On August 4, 2007, the Defendants, through individual and/or
concerted action, accomplished an unlawful result through concerted action in that
they agreed, through explicit or implicit means, to cause bodily harm to the Plaintiff
without any lawful justification to do so.

55.     In furtherance of said agreement, the Defendant, Garza, intentionally
made contact of a physical nature with the Plaintiff causing her severe injuries, and

the Defendants, Campbell, Rivera, Lopez, Sautkus and/or Quaid, intentionally

permitted the Defendant access to the Plaintiff in the back of the squad car where

the physical contact occurred and/or intentionally failed to intervene to protect the

Plaintiff, and subsequent to these events made false statements concealing the

occurrence.

56.     As a proximate result of the aforesaid intentional acts and/or failures

to act of the Defendants, the Plaintiff has suffered, and will continue in the future

to suffer, injuries of a personal and pecuniary nature.

COUNT VIII
ILLINOIS STATE COMMON LAW
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - CONSPIRACY

57.     Plaintiff incorporates herein ¶¶3 through 56, above, as though fully set

forth in this paragraph.

58.     On and after August 4, 2007, the Defendants, through individual

and/or concerted action, accomplished an unlawful result through concerted action

in that they agreed, through explicit or implicit means, to cause bodily harm to the

Plaintiff without any lawful justification to do so and to falsely and maliciously

arrest and prosecute her.

59.     In furtherance of said agreement, the Defendants falsely and

maliciously detained, arrested and charged the Plaintiff with a violation of the

Illinois Criminal Code, Garza, intentionally made contact of a physical nature with

the Plaintiff causing her severe injuries, and the Defendants, Campbell, Rivera,

Lopez, Sautkus and/or Quaid intentionally permitted Garza access to the Plaintiff

in the back of the squad car where the physical contact occurred and/or intentionally failed to intervene to protect the Plaintiff, and subsequent to these events all Defendants made false statements concealing their individual and/or concerted conduct.

60. The above described conduct is extreme and outrageous and committed with the intent to cause, or with awareness of the high probability that it would cause, the Plaintiff extreme emotional distress.

61. As a proximate result of the above described conduct of the Defendants, the Plaintiff has suffered, and will in the future continue to suffer, severe damages, including extreme emotional distress and pecuniary injuries.

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the Defendants and the City of Chicago, jointly and severally, for compensatory and punitive damages in a sum in excess of $1,000,000.00.

COUNT IX
ILLINOIS STATE STATUTORY LAW
INDEMNITY

62. Plaintiff incorporates by reference herein ¶¶3 through 61 above, as though fully set forth herein.

63. At all relevant times, Defendants, Garza, Campbell, Rivera, Lopez, Sautkus and Quaid, were acting on behalf of and/or within the scope of their employment with the Defendant, City of Chicago.

64. As a result of Defendants' conduct, Plaintiff is seeking monetary damages, attorney's fees, costs and interest.

65.    Illinois law directs local public entities to pay any tort judgment or settlement for which it or an employee while acting within the scope of his employment is liable, including, where applicable, statutory attorneys' fees and costs.  745 ILCS 10/9-101 (West 2007).

WHEREFORE, the Plaintiff, Ashley Suntken, demands judgment against the Defendant, City of Chicago, as indemnor, for compensatory damages awarded against or agreed to be paid by the Defendants, Garza, Campbell, Rivera, Lopez, Sautkus and Quaid, as such amounts may be adjudged or determined, and that any law enforcement, court or other official record created or generated as a result of the unconstitutional acts alleged herein be expunged, and any other relief the Court deems just and appropriate.

> Respectfully submitted by,
>  s/Patrick L. Provenzale
> Patrick L. Provenzale
> EklWilliams PLLC
> Attorneys for Plaintiff

Terry A. Ekl, # 00727105
Patrick L.  Provenzale, 6225879
EklWilliams PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com

Richard L. Pullano, # 6183972
Law Offices of Richard L. Pullano, P.C.
100 West Monroe Street
19th Floor
Chicago, IL 60603
(312) 551-1100
(312) 346-6649 facsimile
rlp@pullanolaw.com